# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSEPH E. SABOL,**

        **Plaintiff,**

        v.                                          Case No. 12-C-540

**UNIVERSITY OF WISCONSIN-FOND DU LAC, et al.,**

        **Defendants.**

## ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

On May 29, 2012, Joseph E. Sabol ("Sabol"), proceeding pro se, filed a complaint against the defendants. Accompanying the plaintiff's complaint was a motion to proceed in forma pauperis. The plaintiff has consented to the full jurisdiction of a magistrate judge, and therefore this court must now resolve the plaintiff's motion to proceed in forma pauperis.

Based upon the financial information contained in the plaintiff's motion, the court concludes that the plaintiff lacks the resources to pay the filing fee. Accordingly, the plaintiff's motion to proceed in forma pauperis shall be granted. However, this is only half of the court's inquiry.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). In

order to balance these competing concerns, before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that the plaintiff is unable to pay the $350.00 filing fee and that this case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

The plaintiff's complaint relates to the decisions of five different campuses of the University of Wisconsin Colleges to not hire Sabol for certain teaching positions. In addition to naming the five campuses, Sabol names the campuses' parent entity, University of Wisconsin Colleges, and the Colleges' parent entity, the University of Wisconsin System, as defendants. Finally, Sabol names the University of Wisconsin – Eau Claire, a university within the UW-System where Sabol had been last employed back in 1999.

The court construes Sabol's complaint as alleging three distinct claims. First, he alleges that the decision not to hire him violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. Second, he contends that the decision not to hire him violated the Occupational Safety and Health Act ("OSHA") because it was made in retaliation for his prior complaints about allegedly unsafe working conditions at the University of Wisconsin – Eau Claire. Third, he contends that the decision not to hire him was due to his marital status.

With respect to Sabol's claim under the ADEA, this claim must be dismissed because the defendants, as arms of the State of Wisconsin, see Peirick v. Ind. University-Purdue Univ. Indianapolis Ath. Dep't, 510 F.3d 681, 695 (7th Cir. 2007); Joseph v. Bd. of Regents of the Univ. of

2

Wis. Sys., 432 F.3d 746, 748 (7th Cir. 2005), are immune under the Eleventh Amendment from suits brought by individuals under the ADEA. EEOC v. Bd. of Regents of the Univ. of Wis. Sys., 288 F.3d 296, 299 (7th Cir. 2002) (citing Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000)). Thus, only the Equal Employment Opportunity Commission ("EEOC") acting on behalf of the aggrieved individual may bring an action in court seeking relief for a state's alleged violation of the ADEA. Bd. of Regents of the Univ. of Wis. Sys., 288 F.3d at 299. Therefore, this claim must be dismissed. However, because Wisconsin law also prohibits discrimination based upon age, see Wis. Stat. § 111.321, under certain circumstances, relief for such discrimination may be found in state court. See Kimel, 528 U.S. at 91-92 fn.1.

As for Sabol's claim under the OSHA, the Act does not provide a private right of action for any person who believes he suffered retaliation as a result of complaints about unsafe working conditions. Fletcher v. UPS, 155 F. Supp. 2d 954 (N.D. Ill. 2001). Rather, only the Secretary of Labor may bring an action on a worker's behalf to enforce the OSHA's prohibition against employers terminating or otherwise discriminating against employees who complain about unsafe working conditions. See 29 U.S.C. § 660(c). Therefore, this claim must be dismissed.

Finally, the court turns to Sabol's claim of marital status discrimination. Federal law does not prohibit discrimination in employment based upon marital status under the circumstances Sabol alleges in his complaint. Such discrimination is, however, prohibited in Wisconsin under state law. Wis. Stat. § 111.321. But a claim arising under state law may be heard in federal court only if there is a basis for this court to exercise its jurisdiction in the case. One such basis for a federal court to hear a state law claim is if there is a separate but related claim pending in the same case over which the federal court has jurisdiction. See 28 U.S.C. § 1367. However, because the court concludes that all of Sabol's other claims are insufficient, there is no claim upon which a state law marital status discrimination claim may ride into federal court. Alternatively, a court may be able to hear a state

law claim if the plaintiff resides in a different state than all the defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. This provision is inapplicable because the plaintiff and the defendants are all residents of Wisconsin. (Docket No. 1-1; 2 at 6-7.) Therefore, this court lacks jurisdiction to hear Sabol's claim of discrimination based upon marital status. This claim, like any possible state law age discrimination claim, may be heard, if at all, only in the state courts of Wisconsin.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to proceed in forma pauperis, (Docket No. 2), is **granted**.

**IT IS FURTHER ORDERED** that the complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 18th day of June, 2012.

AARON E. GOODSTEIN
U.S. MAGISTRATE JUDGE